I concur because the records of the probate court are the only records which by law impart constructive notice of easements. There is presently no law which says that a circuit court judgment granting an easement imparts to the world constructive notice of the existence of that easement.
This Court is bound by existing legislation and case law and cannot take upon itself the job of remedying this situation. There is a need, however, that encumbrances on land titles, such as the easement in this case, be recorded in a manner which imparts constructive notice of their existence. The undetected presence of such an easement is a serious threat to the unwary buyer of real property and could lead to drastic consequences.
In this case, Mississippi Valley Title Company searched the records of the tax assessor, the tax collector, the U.S. Bankruptcy Court, and the probate court. In addition to these steps, some title companies would have searched the records of the circuit court. The majority opinion, however, now makes it clear that under the contract language involved in this case, only the records of the probate court need be examined, and no others. This is an unfortunate, but unavoidable, result.
It is up to the legislature to correct this situation. What is needed is a statutory declaration that circuit court judgments which grant easements in land impart constructive notice of the existence of those easements.